{¶ 43} Defendant Moss's fifth assignment of error implicates R.C. 2929.18(A)(1), which provides, in pertinent part:
 {¶ 44} "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, *Page 14 
in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 {¶ 45} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shalldetermine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decidesto impose restitution, the court shall hold a hearing on restitution ifthe offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender." (Emphasis supplied.)
 {¶ 46} R.C. 2929.18(A)(1) reaches beyond the General Assembly's constitutional role by prescribing judicial procedure, which is a power expressly reserved to the Supreme Court. Section 5(B), Article IV, Ohio Constitution. As often happens when that occurs, the section is internally inconsistent, unnecessarily directive, and one which *Page 15 
raises due process concerns. Nevertheless, it is the obligation of the courts to
 {¶ 47} make it work, if possible.
 {¶ 48} R.C. 2929.18(A)(1) requires the court to "determine the amount of restitution" the court's sentence imposes, and in that event to "hold a hearing on restitution if the offender, victim, or survivor disputes the amount" the court determines. Allowing the court to "base the amount of the restitution it orders" on, among other things, "a presentence investigation report," doesn't relieve the court of making the determination of an amount of economic loss before it orders the defendant to pay it through a restitution order. The determination requirement represents the General Assembly's effort to impose some measure of due process by giving the defendant at least that minimal level of prior notice of the financial sanction the court may impose, in order to ask for a hearing if the offender disputes the amount the court determines is due.
 {¶ 49} I do not agree that when the amount of an economic loss the victim suffered appears in a presentence investigation report or another source that R.C. 2929.18(A)(1) identifies, the court may on that account proceed to order restitution in that amount without itself first determining the basis and amount of the loss. In that event, the defendant lacks any notice of the amount of the sanction that may be imposed by the court, or that the court intends to impose one. The prior determination that R.C. 2929.18(A)(1) requires isn't much notice, but it's some, and we should not dispense with what little prior due process that section requires by ourselves relieving the sentencing court of its statutory obligations. In the present case, the court merely imposed a restitution order in the amount of $6,140.61, without making any prior *Page 16 
determination that the victims suffered an economic loss in that amount. (T. 458). That fails to satisfy the prior determination requirement that R.C. 2929.18(A)(1) expressly imposes. I would therefore sustain the fifth assignment of error.
Copies mailed to:
Mathias H. Heck, Jr. Johnna M. Shia Ben Swift
 Hon. Jeffrey E. Froelich *Page 1